firm. The fact that the respondent, having in his possession this bill of sale which he here seeks to justify, did not produce it for months after the receiver in bankruptcy had been appointed, although there had been various proceedings in the bankruptcy court to discover the whereabouts of this property of the bankrupts or to account for its disposition; the fact that he certainly had knowledge of the removal of all this merchandise from the bankrupt's place of business to the sponger's; and having engineered the scheme to this extent—it is hardly supposable that he had no knowledge of the subsequent disposition of the property. The respondent's explanation of all of these transactions is most unsatisfactory.

In addition to this, the referee has found, upon testimony which clearly sustains the finding, that the respondent deliberately testified falsely when he was examined before Commissioner Alexander on March 24, 1904. The respondent does not dispute that some of his testimony before the commissioner was false, but seeks to excuse it; but no one can read the testimony given by the respondent before this commissioner and read his own testimony given upon this examination before the referee without being satisfied that the respondent deliberately testified falsely to hide the disposition of the money and property of the bankrupt firm, and that his whole object in that examination was to conceal this disposition of the merchandise, instead of making a frank disclosure of the facts in relation to it. Thus we think this testimony conclusively convicts the respondent of fraud and perjury and requires that he should be disbarred.

The application is therefore granted.

---

(65 Misc. Rep. 97.)

OAKES MFG. CO. v. CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County. November, 1909.)

1. WATERS AND WATER COURSES (§ 201*)—PUBLIC WATER SUPPLY—ACTION BY CITIZEN.

　　That a city fails to provide a pure and wholesome supply of water under the duty imposed upon it for the general convenience of the public gives no right of action by a citizen to compel its performance.

　　[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 201.*]

2. WATERS AND WATER COURSES (§ 201*)—PUBLIC WATER SUPPLY.

　　Where a city supplies water which is not absolutely pure, no action can be brought against it by a citizen to compel it to furnish pure water; he having no grievance other than that borne by the rest of the community.

　　[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 201.*]

Action by the Oakes Manufacturing Company against the City of New York to compel it to furnish defendant with a pure supply of water. Complaint dismissed.

McCabe, Davis & Kernan (John D. Kernan and Ambrose F. McCabe, of counsel), for plaintiff.

Francis K. Pendleton, Corp. Counsel (Edward S. Malone and Henry S. Johnston, of counsel), for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MAREAN, J. An entire omission of the duty to provide a pure and wholesome water supply, imposed upon a city for the general convenience of the local public, gives rise to no right of action in the citizen to compel its performance, unless such action is given by statute expressly or by necessary implication. It would be intolerable if every citizen, just because he has not enjoyed the contemplated advantages of such water supply, could sue the city for damages or to compel performance of the duty. The situation is logically the same if, instead of being entirely neglected, the duty has been performed after some imperfect fashion which falls short of what the statute contemplates. In the latter case, which the plaintiff claims to be the case at bar, there is a second and unanswerable objection to an action not only by a citizen, but even by the Attorney General, to compel performance of the duty on what may seem to the court to be correct lines. It is plain that in the execution of a scheme of water supply there is ample room at every step for choice and selection which within certain limits cannot be controlled by the courts. The function is quasi judicial, with no provision for review.

Of course, departure from what the statute contemplates may be of such a character as to fall outside the limits of any possible honest choice and selection; for example, had the water supplies in this case been polluted by typhoid or tuberculosis germs or impregnated by some grave mineral poison so as to menace the public health. Such cases must be disposed of when they arise. This case presents no such features. The water supplied, while not absolutely pure, is not so far from absolute purity as to be outside the limits of possible honest choice and selection. There is no absolutely pure water obtainable from natural sources.

The action cannot be maintained, first, because the city cannot in the respect complained of be reviewed and controlled by the courts; and, second, because a citizen, having no grievance except that he with the rest of the community has not enjoyed the affirmative convenience of a more nearly pure water supply, is not authorized to invoke the remedial action of the court.

The function of the city in the matter of water supply is undoubtedly governmental. It acts as a governmental agent. But, under every governmental agent and under every public official, there is the individual person or corporation who, going about its governmental duties, is under the same obligation to avoid injury to others by either negligent or willful invasion of their rights as though acting about its personal or corporate affairs. A violation of that duty involves individual or corporate liability to the citizen whose rights have been invaded. A certain class of actions which have been maintained will be found to rest upon the wrongful or negligent invasion by the official or governmental agent of other rights than the mere right to have the official or governmental duty performed. One who has merely not enjoyed the conveniences of a perfect performance of public duty has no action, either for damages or equitable relief, unless conferred by statute, expressly or by necessary implication.

The plaintiff maintains its action, if at all, on its own grievance; and, being a corporation, it has no domestic uses for water. Its only

grievance is that the water is not fit for its very peculiar and uncommon uses, in the manufacture of logwood extracts, nor for steam boiler use. It will also be noted that the only impurity alleged consists in the presence of chlorine. There is no charge of lime and magnesia. Even if plaintiff had a standing to maintain an action for redress of some sort, the installation and maintenance of a water supply is I think too complex an affair to be undertaken by the court. It was conceded on the trial that this is not a taxpayer's action, and must be maintained, if at all, by virtue of the unwritten law.

I heard this case to a point at which the plaintiff declared his proof complete as to the character of the water and the consequences of its use, and thereupon I dismissed it, assuming the facts appearing by the evidence to be true, and the facts in other respects to be as alleged in the complaint. The dismissal is, of course, not upon the merits, and has only the effect of the ordinary dismissal on the pleadings. No findings of fact should be made. It should only be found that the facts proved, together with the other facts as stated in the complaint, do not constitute a cause of action; and the conclusion of law will be that the complaint be dismissed.

Complaint dismissed.